Carole Vigne, State Bar No. 251829
Katherine Fiester, State Bar No. 301316
LEGAL AID AT WORK
180 Montgomery Street, Suite 600
San Francisco, CA  94104
Telephone:      (415) 864-8848
Facsimile:      (415) 593-0096
Emails:         cvigne@legalaidatwork.org
                kfiester@legalaidatwork.org

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANELL SIMPSON, | Case No:  3:18-cv-01743 |
| Plaintiff, | **COMPLAINT FOR DECLARATORY RELIEF AND DAMAGES FOR: VIOLATIONS OF THE FAIR LABOR STANDARDS ACT (FLSA); CALIFORNIA LABOR CODE,  FAIR PAY ACT, UNFAIR COMPETITION LAW; AND SAN FRANCISCO ADMINISTRATIVE CODE; AND RETALIATION IN VIOLATION OF THE FLSA, LABOR CODE § 98.6, AND TORTIOUS TERMINATION IN VIOLATION OF PUBLIC POLICY** |
| v. | |
| LATITUDE 38 HOUSING SERVICES, LLC, A CALIFORNIA LIMITED LIABILITY COMPANY; SF HOUSING SERVICES, LLC, A CALIFORNIA LIMITED LIABILITY COMPANY; YALE RESIDENCES, LLC., A CALIFORNIA LIMITED LIABILITY COMPANY; ANTONY BRETTKELLY, AN INDIVIDUAL; AND DOES 1 THROUGH 5, INCLUSIVE, | |
| Defendants. | **DEMAND FOR JURY TRIAL** |

Case No:  3:18-cv-01743

COMPLAINT FOR VIOLATIONS OF THE FLSA; CALIFORNIA LABOR CODE, FAIR PAY ACT, UNFAIR COMPETITION LAW; AND SAN FRANCISCO ADMINISTRATIVE CODE; AND FOR RETALIATION AND TORTIOUS TERMINATION IN VIOLATION OF PUBLIC POLICY

## INTRODUCTION

1.    This is an action for relief from Defendants' violations of Plaintiff's workplace rights.  Defendants blatantly violated both federal and state wage and hour laws, and then unlawfully retaliated against Plaintiff Janell Simpson ("Plaintiff") for asserting her protected rights under these laws. Meanwhile, Plaintiff learned that Defendants paid her less than at least one of her male counterparts, in violation of California's Fair Pay Act.

2.    Plaintiff worked for Defendants for over two years as a resident manager and thereafter, as a resident manager and concierge for a building that operated both as a residential property and as a hotel.  Plaintiff was a hard-working, reliable employee who dependably ensured the residential and commercial buildings in which she worked (and lived) ran efficiently.  For the first two years of her employment, Plaintiff was not paid *at all* for the hours she worked; even after Plaintiff, through her counsel, sent a demand letter for owed wages, Defendants continued to inadequately compensate her for the hours she worked.

3.    Moreover, just nineteen days after Plaintiff sent the demand letter to redress these unpaid wages and a records request letter for her personnel and pay records, Defendants presented Plaintiff with an employment contract containing numerous adverse employment terms, ultimately resulting in her separation, forcing her to lose her job and her housing at the same time.  Defendants unlawfully retaliated against Plaintiff for asserting her legally protected workplace rights, in violation of federal and state law.

4.    Plaintiff further learned that Defendants were paying her less than at least one of her male counterparts for performing substantially similar work.

## JURISDICTION AND VENUE

5.    This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1337, and Section 16(b) of the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. § 201, *et seq*.

6.    This Court has supplemental jurisdiction over the related state law and local ordinance claims pursuant to 28 U.S.C. § 1367(a) because Plaintiff's claims under the California Labor Code, the Unfair Competition Law, the Fair Pay Act, the San Francisco Administrative Code and California common law form part of the same case or controversy under Article III of

COMPLAINT FOR VIOLATIONS OF THE FLSA; CALIFORNIA LABOR CODE, FAIR PAY ACT,
UNFAIR COMPETITION LAW; AND SAN FRANCISCO ADMINISTRATIVE CODE; AND FOR
RETALIATION AND TORTIOUS TERMINATION IN VIOLATION OF PUBLIC POLICY

the United States Constitution.  Plaintiff's state law claims share all common operative facts with her federal law claims, and the parties are identical.  Resolving all state and federal claims in a single action serves the interests of judicial economy, convenience, and fairness to the parties.

7.     Pursuant to 28 U.S.C. § 1391(b) and Civil Local Rule 3-2(d), venue is proper in the Northern District of California because Plaintiff resides in this District, Defendants reside in and employed Plaintiff in this District, and the unlawful employment practices alleged herein giving rise to Plaintiff's claims occurred in this District.

## NATURE OF THIS ACTION

8.     This is an action brought pursuant to the FLSA, California Labor Code, the Unfair Competition Law, the Fair Pay Act, the San Francisco Administrative Code, and state common law to obtain relief for Plaintiff.

9.     This action is brought by Plaintiff to secure declaratory relief and damages to remedy Defendants' violations of federal, state, and local employment laws by failing to adequately compensate Plaintiff for the hours she worked, and to secure declaratory, compensatory, and punitive damages to remedy Defendants' commission of unlawful retaliation for Plaintiff's assertion of her protected rights under federal and state employment laws.

## PARTIES

10.     Plaintiff JANELL SIMPSON is a current resident of San Francisco, California.  She was employed as a resident manager and then both a resident manager and concierge for Defendants from on or about September 1, 2014 to November 28, 2016 and was at all relevant times a non-exempt employee.

11.     Defendant LATITUDE 38 HOUSING SERVICES, LLC is, on information and belief, a limited liability corporation doing business in California.  On information and belief, LATITUDE 38 HOUSING SERVICES, LLC manages numerous properties throughout San Francisco that are marketed to and intended primarily for tech, corporate, and student housing. At all times relevant herein Defendant LATITUDE 38 HOUSING SERVICES, LLC was Plaintiff's employer covered by the FLSA, the California Labor Code, Industrial Welfare Commission Wage Order 5 ("Wage Order 5"), Industrial Welfare Commission Minimum Wage

1   Order MW-2007 ("General Minimum Wage Order"), and San Francisco's Administrative Code.

2       12.    Defendant SF HOUSING SERVICES, LLC is, on information and belief, a limited

3   liability corporation doing business in California.  On information and belief, SF HOUSING

4   SERVICES, LLC manages numerous properties throughout San Francisco that are marketed to

5   and intended primarily for corporate and student housing.  At all times relevant herein Defendant

6   SF HOUSING SERVICES, LLC was Plaintiff's employer covered by the FLSA, California

7   Labor Code, Wage Order 5, General Minimum Wage Order, and San Francisco's Administrative

8   Code.

9       13.    Defendant YALE RESIDENCES, LLC is, on information and belief, a limited

10  liability corporation doing business in California.  On information and belief, YALE

11  RESIDENCES LLC, at all times relevant herein, managed the property located at 633 Larkin

12  Street in San Francisco, CA 94109.  At all times relevant herein Defendant YALE

13  RESIDENCES, LLC was Plaintiff's employer covered by the FLSA, the California Labor Code,

14  Wage Order 5, General Minimum Wage Order, and San Francisco's Administrative Code.

15      14.    Plaintiff is informed and believes and thereon alleges that Defendants LATITUDE

16  38 HOUSING SERVICES, LLC, SF HOUSING SERVICES, LLC, and YALE RESIDENCE,

17  LLC ("Entity Defendants") own and/or operate various real estate/property management

18  businesses as a single integrated enterprise.  Plaintiff is informed and believes that Entity

19  Defendants are joint employers, working as a joint enterprise, and/or are the alter egos of one

20  another and Defendant ANTONY BRETTKELLY.

21      15.    Defendant ANTONY BRETTKELLY is, on information and belief, an adult

22  resident of San Francisco, California.  Defendant BRETTKELLY was, during the relevant time

23  period, the sole member and/or manager and/or Chief Executive Officer of Defendants

24  LATITUDE 38 HOUSING SERVICES, LLC, SF HOUSING SERVICES, LLC and YALE

25  RESIDENCES, LLC on each entity's statement of information filed with the California Secretary

26  of State.  At all times relevant herein Defendant BRETTKELLY was Plaintiff's employer

27  covered by the FLSA, California Labor Code, Wage Order 5, General Minimum Wage Order,

28  and San Francisco's Administrative Code.  Plaintiff is informed and believes that Defendant

COMPLAINT FOR VIOLATIONS OF THE FLSA; CALIFORNIA LABOR CODE, FAIR PAY ACT,
UNFAIR COMPETITION LAW; AND SAN FRANCISCO ADMINISTRATIVE CODE; AND FOR
RETALIATION AND TORTIOUS TERMINATION IN VIOLATION OF PUBLIC POLICY

BRETTKELLY is a joint employer, working as a joint enterprise with and/or the alter ego of Entity Defendants. Defendant BRETTKELLY controls and is intimately involved in the day-to-day operations of Entity Defendants and both determined and instituted the unlawful wage and hour, retaliatory practices, and equal pay violations alleged herein.  Defendant BRETTKELLY has violated or caused to be violated the provisions of Wage Order 5 regulating minimum wages and/or hours and days of work as well as Labor Code §§ 203, 226, and 1194.  As such, he is personally liable for the Wage Order and Labor Code violations cited above pursuant to Labor Code § 558.1.

16.     The true names and capacities, whether individual, corporate, associate or otherwise, of DOES 1 through 5 are unknown to Plaintiff, who therefore sues the DOE Defendants by fictitious names.  DOES 1 through 5, on information and belief, are individuals or corporations who were acting on behalf of the employers and/or were the employers of Plaintiff, were acting on behalf of the employer in the payment of wages and/or were the employers paying wages to Plaintiff.  Plaintiff will amend this Complaint to state their true names and capacities when they have been ascertained.

17.     Plaintiff is informed and believes, and thereon alleges, that Defendants LATITUDE 38 HOUSING SERVICES, LLC, SF HOUSING SERVICES, LLC, YALE RESIDENCES, LLC, and ANTONY BRETTKELLY and DOES 1 through 5, (collectively "Defendants") each acting as agents and/or employers and/or under the direction and control of each of the other Defendants, and that said acts and failures to act were within the course and scope of said agency, employment and/or direction and control.  Plaintiff is informed and believes, and thereon alleges, that at all times material hereto Defendants were and are agents of each other.

<u>**STATEMENT OF THE FACTS**</u>

18.     Plaintiff worked for Defendants in San Francisco as a resident manager at 221 7th Street, San Francisco, CA 94103 (hereafter "7th  Street") and later as a resident manager and concierge at the resident building and hotel, located at 633 Larkin Street, San Francisco, CA 94109 (hereafter "Yale Hotel") from approximately September 1, 2014 to November 28, 2016.

19.     Defendant BRETTKELLY hired Plaintiff on or about September 1, 2014.

Defendants did not present or require Plaintiff to sign an employment contract when she was hired.

20.    Defendant BRETTKELLY was Plaintiff's direct supervisor throughout the entirety of her employment.

21.    Plaintiff worked at the 7th Street location as a resident manager from approximately September 1, 2014 to March 12, 2016.  During this time period, despite working approximately four (4) hours per day, seven (7) days per week, Plaintiff was not paid any wages, including cash wages, for the hours she worked.  As the only resident manager at 7th Street, Plaintiff was responsible for overseeing 22 units and was also required to attend a mandatory two (2) hour meeting every other week during approximately September 2014 through May 2015.

22.    As a condition of Plaintiff's employment, Defendants required Plaintiff to live at 7th Street where she paid approximately $500.00 to $1,000.00 per month in rent to live on the premises in a room with a shared bathroom and kitchen.

23.    On approximately March 13, 2016, Defendants transferred Plaintiff to work and live at the Yale Hotel, which operated as both a residential building and a hotel, where she worked as both a resident manager for residents and as concierge for hotel guests.  As an incentive to transfer to the Yale Hotel, Defendant BRETTKELLY promised Plaintiff that he would renovate the basement at the Yale Hotel for her to have a private room and bathroom. Until the basement could be renovated, Defendant BRETTKELLY offered Plaintiff a room, rent-free, that shared a bathroom with six (6) other rooms, and shared a kitchen with fourteen (14) other rooms.  Plaintiff agreed to transfer to the Yale Hotel in reliance on these promises.  The renovations on the basement at the Yale Hotel commenced as soon as Plaintiff was transferred to the Yale Hotel.

24.    At the Yale Hotel, Plaintiff was responsible for the eleven (11) tenant units as a resident manager, and the five (5) hotel rooms as concierge.  As a resident manager, Plaintiff collected rent checks, oversaw the tenants' conduct, coordinated service calls, and met with service providers.  Plaintiff's concierge duties at the Yale Hotel included managing online booking sites, making reservations, answering phones, checking guests in and out, laundry, and

COMPLAINT FOR VIOLATIONS OF THE FLSA; CALIFORNIA LABOR CODE, FAIR PAY ACT, UNFAIR COMPETITION LAW; AND SAN FRANCISCO ADMINISTRATIVE CODE; AND FOR RETALIATION AND TORTIOUS TERMINATION IN VIOLATION OF PUBLIC POLICY

cleaning rooms when the cleaning service was not available.

25.    However, from March 13, 2016 to April 30, 2016, Plaintiff was, again, not paid any wages, despite working approximately nine (9) hours per week at the Yale Hotel.

26.    Upon information and belief, generally, Defendants, as agents for the owners of the applicable property, manages over 500 rooms in over 20 locations, and a few properties under own management, and leases these units on a per bedroom or apartment basis as tech, corporate and/or student housing.

27.    Defendants did not issue paystubs and no wages were indicated on account of lodging.

28.    No voluntary written agreement existed between Plaintiff and Defendants in which lodging can be credited against the minimum wage.

29.    Defendants required Plaintiff, a non-exempt employee, to work at rates, specifically no wages, that fall far below the state and federal minimum wage.

30.    Defendants willfully, intentionally, and with reckless disregard denied Plaintiff all the wages to which she was entitled under the FLSA, state law, and San Francisco's local ordinance.

31.    On or about May 16, 2016, Plaintiff made a complaint regarding her unpaid wages to Defendant BRETTKELLY during a telephone conversation.  During this call, Defendant BRETTKELLY told Plaintiff, "Depending on what you are asking for, we need to evaluate whether to continue our relationship."

32.    On or about May 21, 2016, Plaintiff's counsel Legal Aid at Work (LAAW)[1] sent a letter to Defendants on Plaintiff's behalf, stating that Plaintiff had retained LAAW's legal services to investigate potential wage and hour violations occurring during her employment with Defendants.  LAAW advised Defendants to take all necessary steps to ensure that Plaintiff would not be retaliated against for making a complaint for unpaid wages.  LAAW cautioned that pursuant a complaint for unpaid wages constitutes protected activity under the law, and any

_____

[1] Prior to January 1, 2017, LAAW was Legal Aid Society-Employment Law Center. LAAW is used throughout to avoid confusion despite the name change.

COMPLAINT FOR VIOLATIONS OF THE FLSA; CALIFORNIA LABOR CODE, FAIR PAY ACT, UNFAIR COMPETITION LAW; AND SAN FRANCISCO ADMINISTRATIVE CODE; AND FOR RETALIATION AND TORTIOUS TERMINATION IN VIOLATION OF PUBLIC POLICY

retaliation against Plaintiff as a result of her complaint would be unlawful.

33.     On or about May 23, 2016, Plaintiff and her counsel met with Defendant BRETTKELLY to discuss the ongoing wage violations.

34.     On or about June 1, 2016, Defendant BRETTKELLY told Plaintiff that he would begin paying her $15.00 per hour for the work she performed in May 2016.

35.     In June 2016, nearly two years into Plaintiff's employment, she received her very first paycheck for work she performed in May 2016.  However, Plaintiff was only paid $13.00 per hour for the work she had performed in May 2016, despite being promised $15.00 per hour just weeks before.

36.     From June 2016 to November 2016, Plaintiff's hours were reduced, and she was paid an hourly rate of $15.00 per hour for the hours she worked.

37.     On or about July 19, 2016, approximately nineteen days after the demand and records request letters (and nearly two (2) years after Plaintiff's employment began), Defendant BRETTKELLY presented Plaintiff with an employment contract that substantially and adversely changed her working conditions.  The contract demanded that Plaintiff pay $920.70 in rent for the room she had been living in rent-free; reduced her days off from two (2) to one (1), so that Plaintiff would have to work six (6) days per week instead of five (5); and reduced Plaintiff's hours from 28 hours per week (or 14 hours per week if the building was occupied exclusively by tenants) to 24 hours per week and then later, seven (7) hours per week. The contract also included a mandatory arbitration provision.

38.     After Plaintiff made a complaint for unpaid wages, Defendant BRETTKELLY told her that this is how businesses run, and that she should be grateful to have this opportunity.

39.     Therefore, when Plaintiff made a complaint regarding her unpaid wages, Defendants retaliated against her by substantially and adversely altering the terms and conditions of her employment.

40.     Moreover, after receiving Plaintiff's demand letter for unpaid wages, Defendant BRETTKELLY abruptly halted renovations on the basement unit, reneging on Defendants' promise to provide Plaintiff a private bedroom with a private bathroom.  In September 2016,

during a conversation with Plaintiff about the basement unit, Defendant BRETTKELLY expressly stated that he had been advised by his lawyers not to give Plaintiff the basement unit because of her complaint for unpaid wages.

41. On or about November 22, 2016, the day before Thanksgiving, Defendants' counsel gave Plaintiff an ultimatum stating that if Plaintiff continued to work for Defendants past November 27, 2015, she would automatically accept the dictated terms of employment which raised her rent by $260.64 per month, reduced her days off from two (2) to one (1), so that Plaintiff would have to work six (6) days per week instead of five (5); and reduced her hours (and resulting pay). Plaintiff had no choice but to accept the retaliatory terms or move out of the Yale Hotel. Defendants' November 22, 2016 ultimatum in response to Plaintiff's attempts to exercise her workplace rights caused Plaintiff to lose her employment and her housing at the same time over the Thanksgiving holiday weekend.

42. Plaintiff filed a retaliation complaint with the California Labor Commissioner at the Division of Labor Standards Enforcement ("Labor Commissioner") on or about January 19, 2017. The Labor Commissioner has been investigating since. Plaintiff requested withdrawal of the retaliation complaint on March 21, 2018. Defendants are on notice of Plaintiff's retaliation claim and have not been prejudiced. Defendants have had the opportunity to timely initiate fact investigation to inform their defense; Defendants submitted a written response to the Labor Commissioner in response to Plaintiff's retaliation complaint.

43. On information and belief, Plaintiff was paid less than at least one of her male counterparts who performed substantially similar work as Plaintiff, including, but not limited to, in approximately July 2016, Plaintiff was offered to work for $15.00 per hour while her male counterpart was offered $20.00 per hour.

44. On information and belief, Defendants failed to maintain records of the wages and wage rates, job classifications, and other terms and conditions of employment of their employees, for the required period of three years.

45. On or about June 30, 2016, Plaintiff's counsel sent Defendants BRETTKELLY and LATITUDE 38 HOUSING SERVICES, LLC a records request letter requesting Plaintiff's

COMPLAINT FOR VIOLATIONS OF THE FLSA; CALIFORNIA LABOR CODE, FAIR PAY ACT, UNFAIR COMPETITION LAW; AND SAN FRANCISCO ADMINISTRATIVE CODE; AND FOR RETALIATION AND TORTIOUS TERMINATION IN VIOLATION OF PUBLIC POLICY

1   personnel and pay records.

2       46.    To date, Defendants have not provided any records to Plaintiff or her counsel.

3   **ALTER EGO ALEGATIONS**

4       47.    Plaintiff is informed and believes, and thereon alleges, that Defendant

5   BRETTKELLY formed Entity Defendants.

6       48.    Plaintiff is informed and believes, and thereon alleges, that Entity Defendants are

7   close companies.

8       49.    Plaintiff is informed and believes that Defendant BRETTKELLY exercises

9   complete control over Entity Defendants.  Defendant BRETTKELLY was, during the relevant

10   time period, listed as the sole member and/or manager and/or Chief Executive Officer of

11   Defendants LATITUDE 38 HOUSING SERVICES, LLC, SF HOUSING SERVICES, LLC, and

12   YALE RESIDENCES, LLC on each entity's statement of information filed with the California

13   Secretary of State.

14       50.    There exists, and at all times herein mentioned has existed, a unity of interest and

15   ownership between Defendant BRETTKELLY on the one hand, and Entity Defendants, on the

16   other hand, such that the requisite degree of individuality and separateness among these

17   Defendants, and each of them, have ceased, and that Defendant BRETTKELLY is the alter egos

18   of Entity Defendants, and Entity Defendants are the alter egos of one another.  Plaintiff is

19   informed and believe, and thereon, alleges that:

20           a.    Defendant BRETTKELLY has held himself out as the owner of the Entity

21               Defendants;

22           b.    Entity Defendants all have the same "entity address" located on each

23               statement of information filed with the Secretary of State; in addition,

24               Defendant BRETTYKELLY is listed as the "agent for service of process"

25               for Entity Defendants.

26           c.    Defendant BRETTKELLY has completely controlled, dominated,

27               managed, and operated Entity Defendants for his sole and exclusive

28               benefit;

COMPLAINT FOR VIOLATIONS OF THE FLSA; CALIFORNIA LABOR CODE, FAIR PAY ACT,
UNFAIR COMPETITION LAW; AND SAN FRANCISCO ADMINISTRATIVE CODE; AND FOR
RETALIATION AND TORTIOUS TERMINATION IN VIOLATION OF PUBLIC POLICY

1

2

3

    d.    Defendant BRETTKELLY has at all times herein mentioned, controlled and operated Entity Defendants as a device to avoid individual, agency, and respondeat superior liability; and

4

5

6

    e.    Defendant BRETTKELLY has failed to maintain the requisite degree of separateness with Entity Defendants and have failed to observe requisite corporate formalities.

7

8

9

51.    Adherence to the fiction of the separate existence of Entity Defendants as entities distinct from Defendants BRETTKELLY would permit an abuse of the company privilege, sanction fraud, and promote injustice.

10

11

12

### FIRST CLAIM FOR RELIEF
### Failure to Pay Minimum Wage
### In Violation of FLSA

13

14

52.    The allegations of each of the preceding paragraphs are realleged and incorporated herein by reference.

15

16

53.    The Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. § 201, *et seq.*, applied to Plaintiff's employment with Defendants at all times relevant herein.

17

18

19

20

21

22

54.    Section 206 of the FLSA, 29 U.S.C. § 206(a)(1)(C), mandates that employers pay all employees engaged in commerce or in the production of goods for commerce, minimum wages for their work in an amount set by federal law.  Section 218 of the FLSA, 29 U.S.C. § 218(a), provides that employers pay such minimum wages as established by state law, should it be higher than the federal minimum.  During the relevant time period the federal minimum wage was $7.25.

23

24

55.    For the vast majority of her employment, Plaintiff was not paid any wages at all and still paid rent to Defendants.

25

26

27

28

56.    Under the FLSA, an employer who makes deductions from an employee's wages for housing must maintain and preserve records substantiating the cost of furnishing lodging to the employee.  29 C.F.R. § 516.27(a).  These records "shall include itemized accounts showing the nature and amount of any expenditures entering into the computation of the reasonable cost."

COMPLAINT FOR VIOLATIONS OF THE FLSA; CALIFORNIA LABOR CODE, FAIR PAY ACT, UNFAIR COMPETITION LAW; AND SAN FRANCISCO ADMINISTRATIVE CODE; AND FOR RETALIATION AND TORTIOUS TERMINATION IN VIOLATION OF PUBLIC POLICY

29 C.F.R. § 516.27(a)(1).

57.     If deductions from wages paid so affect the total cash wages due in any workweek resulting in the employee receiving less in cash than the applicable minimum hourly wage and any deductions made are claimed as allowable under Section 3(m) of the FLSA, the employer must maintain records showing those deductions from wages on a workweek basis.  29 C.F.R. § 516.27(b).

58.     Defendants failed to maintain proper and accurate records as mandated by the FLSA.  Upon information and belief, Defendants have not preserved any records substantiating the cost of furnishing Plaintiff housing or any records of Plaintiff's wage calculations showing deductions from wages paid on a weekly basis.  In response to Plaintiff's records request, Defendants have not produced any pay stubs, time cards, cancelled paychecks, or other documentation showing costs deducted from Plaintiff's compensation.  Upon information and belief, Defendants do not have any documentation in their possession demonstrating the actual cost of providing Plaintiff with lodging at 7th Street or the Yale Hotel.

59.     Defendants willfully, intentionally, and with reckless disregard failed to pay Plaintiff the minimum wage for all her hours worked in violation of the FLSA.

60.     Because of Defendants' unlawful failure and refusal to pay Plaintiff minimum wages, Plaintiff is entitled, pursuant to § 216(b) of the FLSA, 29 U.S.C. § 216(b), to recover her unpaid minimum wages, including interest and liquidated damages thereon, in amounts to be proven at trial, as well as reasonable attorney's fees and costs.

## SECOND CLAIM FOR RELIEF
### Failure to Pay Minimum Wage
### In Violation of the San Francisco Administrative Code, California Labor Code, General Minimum Wage Order, and Wage Order 5

61.     The allegations of each of the preceding paragraphs are realleged and incorporated herein by reference.

62.     The San Francisco Minimum Wage Ordinance ("SFMWO"), California Labor Code, Wage Order 5, Cal. Code Regs. tit. 8, § 11050, and General Minimum Wage Order, Cal.

Code Regs. tit. 8, § 11010, applied to Plaintiff's employment with Defendants at all times relevant herein.

63.     The General Minimum Wage Order requires every employer to pay each employee wages not less than those required by law: on or after July 1, 2014, the minimum wage shall not be less than nine dollars ($9.00) per hour; and on or after January 1, 2016, the minimum wage shall not be less than ten dollars ($10.00) per hour.

64.     Labor Code § 1197 and Wage Order 5 § 4(B) require employers to pay at least the applicable minimum wage for all hours worked.

65.     Under California law, lodging may not be credited against the minimum wage without a voluntary written agreement between the employer and employee which explicitly references that such credits are being applied toward the minimum wage obligation of the employer.

66.     No voluntary written agreement between Defendants and Plaintiff exists to credit any lodging to Plaintiff's wages.

67.     Labor Code § 1194 entitles an employee who is paid less that the legal minimum wage to recover in a civil action the unpaid balance of the full amount of this minimum wage, including interest thereon, reasonable attorney's fees, and cost of suit.

68.     Labor Code § 1194.2 entitles an employee receiving less than the legal minimum wage to recover liquidated damages in an amount equal to the wage unlawfully paid and interest thereon.

69.     Labor Code § 558.1(a) provides for liability for an "other person acting on behalf of an employer[] who violates, or causes to be violated, any provision regulating minimum wages or hours and days of work in any order of the Industrial Welfare Commission . . . or [Labor Code] Section. . . 1194." Labor Code § 558.1(b) provides that an "other person" is "a natural person who is an owner, director, officer, or managing agent" of an employer.

70.     On information and belief, Defendant BRETTKELLY is and was, at relevant times, an owner, director, officer, or managing agent of Defendants LATITUDE 38 HOUSING SERVICES, LLC, SF HOUSING SERVICES, LLC and YALE RESIDENCES, LLC and

violated or caused to be violated the provisions regulating minimum wages or hours and days of work in Wage Order 5 and Labor Code § 1194.  Therefore, Defendant BRETTKELLY is individually liable for these violations.

71.     The San Francisco Minimum Wage Ordinance (SFMWO), codified in Chapter 12R.4 subs. (b) of the San Francisco Administrative Code, required that all employees be paid San Francisco's minimum wage for each hour worked within the geographic boundaries of the city.

72.     Section 12R.3 of the San Francisco Administrative Code defines an "employee" as any person who, in a particular week, performs at least two (2) hours of work for an employer within the geographic boundaries of San Francisco.  During the Claim Period, Plaintiff performed all work within the boundaries of the City and County of San Francisco.

73.     Section 12R.3 of the San Francisco Administrative Code further defines an "employer" as any person, including corporate officers or executives, who directly or indirectly through an agent any other person employs or exercises control over the wages, hours, or working conditions of any employee.

74.     The SFMWO requires all employers to pay at least ten dollars and seventy-four cents ($10.74) per hour for all hours worked beginning January 1, 2014; eleven dollars and five cents ($11.05) per hour for all hours worked beginning January 1, 2015; twelve dollars and twenty-five cents ($12.25) per hour for all hours worked beginning May 1, 2015; and thirteen dollars ($13.00) per hour for all hours worked beginning July 1, 2016.

75.     Chapter 12R.7 (d) of the San Francisco Administrative Code entitles a person who is not paid at least the minimum wage for all hours worked to equitable relief including, the payment of any wages unlawfully withheld, penalties in the amount of $50.00 to each employee whose rights have been violated for each day that the violation occurred or continued, and reasonable attorney's fees and costs.

76.     Plaintiff performed work for which Defendants willfully and intentionally failed to compensate her at the required minimum wage rate for all hours worked in violation of Labor Code §§ 1194, 1194.2, 1197, General Minimum Wage Order, Wage Order 5, and Chapter 12R of

COMPLAINT FOR VIOLATIONS OF THE FLSA; CALIFORNIA LABOR CODE, FAIR PAY ACT, UNFAIR COMPETITION LAW; AND SAN FRANCISCO ADMINISTRATIVE CODE; AND FOR RETALIATION AND TORTIOUS TERMINATION IN VIOLATION OF PUBLIC POLICY

the San Francisco Administrative Code.

77.    As a result of Defendants' conduct, Plaintiff  was deprived of minimum wage in an amount to be determined at trial, and is entitled to recovery of the unpaid balance of the full amount of this minimum wage, including interest thereon, reasonable attorney's fees, and costs of suit pursuant to Labor Code § 1194 and Chapter 12R.7 of the San Francisco Administrative Code, liquidated damages, pursuant to Labor Code § 1194.2, and penalties, pursuant to Chapter 12R.7 of the San Francisco Administrative Code.

### THIRD CLAIM FOR RELIEF
**Failure to Pay Overtime Wages**
**In Violation of the California Labor Code and Wage Order 5**

78.    The allegations of each of the preceding paragraphs are realleged and incorporated herein by reference.

79.    The California Labor Code and Wage Order 5 applied to Plaintiff's employment with Defendants at all times relevant herein.

80.    California Labor Code § 510(a) and Wage Order 5 § 3(A)(1) mandate that employees shall receive overtime premium pay of not less than one and one-half (1 ½) times the employee's regular rate for the first eight (8) hours worked on the seventh consecutive day of work in a workweek.

81.    From approximately September 1, 2014 to March 12, 2016, Defendants failed to pay Plaintiff, a non-exempt employee, overtime premium pay for all hours worked for the first eight (8) hours worked on the seventh consecutive day of work in a workweek, in violation of the California Labor Code and Wage Order 5.

82.    Labor Code § 558.1(a) provides for liability for an "other person acting on behalf of an employer[] who violates, or causes to be violated, any provision regulating minimum wages or hours and days of work in any order of the Industrial Welfare Commission . . . . or [Labor Code] Section[. . . ] 1194.""  Labor Code § 558.1(b) provides that an "other person" is "a natural person who is an owner, director, officer, or managing agent" of an employer

83.    On information and belief, Defendant BRETTKELLY is and was, at relevant times,

COMPLAINT FOR VIOLATIONS OF THE FLSA; CALIFORNIA LABOR CODE, FAIR PAY ACT, UNFAIR COMPETITION LAW; AND SAN FRANCISCO ADMINISTRATIVE CODE; AND FOR RETALIATION AND TORTIOUS TERMINATION IN VIOLATION OF PUBLIC POLICY

1    an owner, director, officer, or managing agent of Defendants LATITUDE 38 HOUSING

2    SERVICES, LLC, SF HOUSING SERVICES, LLC and YALE RESIDENCES, LLC and

3    violated or caused to be violated the provisions regulating minimum wages or hours and days of

4    work in Wage Order 5 and Labor Code § 1194.  Therefore, Defendant BRETTKELLY is

5    individually liable for these violations.

6          84.    Pursuant to California Labor Code § 1194(a), Plaintiff is entitled to recover her

7    unpaid overtime compensation, including interest thereon, in amounts to be proven at trial, as

8    well as reasonable attorney's fees and costs.

9                            **FOURTH CLAIM FOR RELIEF**
10                              **Waiting Time Penalties**
                         **In Violation of the California Labor Code**
11

12          85.    The allegations of each of the preceding paragraphs are realleged and incorporated

13   herein by reference.

14          86.    The California Labor Code applied to Plaintiff's employment with Defendants at all

15   times relevant herein.

16          87.    California Labor Code §§ 201 and 202 mandates that an employer pay its

17   employees all earned wages immediately upon discharge or within 72 hours of the employee's

18   resignation.  California Labor Code § 203 authorizes an employee to recover waiting time

19   penalties in an amount equal to the employee's daily wages for up to thirty (30) days if an

20   employer willfully fails to pay any wages earned and due to the employee within the timeframes

21   required by Labor Code §§ 201 and 202.

22          88.    At all relevant times during her employment, Defendants willfully failed to pay

23   Plaintiff all minimum, overtime, and doubletime wages due as set forth in the California Labor

24   Code and Wage Order.  Defendants willfully failed to pay Plaintiff all wages owed to her

25   immediately upon her discharge, and such earned wages remain unpaid, in violation of the Labor

26   Code.  Plaintiff has repeatedly demanded that Defendants pay her owed wages, verbally and in

27   writing.  To date Defendants have willfully and intentionally refused, and continue to refuse, to

28   pay Plaintiff her owed wages in violation of the California Labor Code.

COMPLAINT FOR VIOLATIONS OF THE FLSA; CALIFORNIA LABOR CODE, FAIR PAY ACT,
UNFAIR COMPETITION LAW; AND SAN FRANCISCO ADMINISTRATIVE CODE; AND FOR
RETALIATION AND TORTIOUS TERMINATION IN VIOLATION OF PUBLIC POLICY

89.     Pursuant to California Labor Code § 203, Plaintiff is entitled to waiting time penalties in an amount equal to thirty (30) days' wages, to be proven at trial.

### FIFTH CLAIM FOR RELIEF
**Unlawful Retaliation**
**In Violation of FLSA**

90.     The allegations of each of the preceding paragraphs are realleged and incorporated herein by reference.

91.     The FLSA applied to Plaintiff's employment with Defendants at all times relevant herein.

92.     Section 215(a)(3) of the FLSA, 29 U.S.C. § 215(a)(3), prohibits retaliation against an employee because she "has filed any complaint or instituted or caused to be instituted any proceeding under or related to" the rights contained in the FLSA.

93.     On or about June 30, 2016, Plaintiff's counsel sent Defendants BRETTKELLY and LATITUDE 38 HOUSING SERVICES, LLC a demand letter on Plaintiff's behalf for unpaid wages and liquidated damages, along with a records request letter requesting Plaintiff's personnel and pay records, pursuant to the law.

94.     Plaintiff's demand letter and personnel records request letter constituted "a complaint" and was protected activity under the FLSA.  *See Lambert v. Ackerley*, 180 F.3d 997, 1007 (9th Cir. 1999); *Kasten v. Saint-Gobain Performance Plastics Corp.*, 563 U.S. 1, 16 (2011).

95.     On or about July 19, 2016, as a direct and proximate result of receiving Plaintiff's demand letter for owed wages and personnel records request letter approximately nineteen days prior, Defendants presented Plaintiff with an employment contract that substantially and adversely changed the terms and conditions of her employment.  The contract demanded that Plaintiff pay $920.70 in rent for the room she had been living in rent-free; reduced her days off from two (2) to one (1), so that Plaintiff would have to work six (6) days per week instead of five (5); and reduced Plaintiff's hours from 28 hours per week (or 14 hours per week if the building was occupied exclusively by tenants) to 24 hours per week and then later, seven (7) hours per week.  The contract also included a mandatory arbitration provision.  Plaintiff had been

COMPLAINT FOR VIOLATIONS OF THE FLSA; CALIFORNIA LABOR CODE, FAIR PAY ACT, UNFAIR COMPETITION LAW; AND SAN FRANCISCO ADMINISTRATIVE CODE; AND FOR RETALIATION AND TORTIOUS TERMINATION IN VIOLATION OF PUBLIC POLICY

employed by Defendants for nearly two (2) years and was never presented with an employment contract prior to making a demand for unpaid wages, much less these adverse terms.

96.     In the meantime, Defendants completely halted the basement unit renovations that were underway for Plaintiff's future tenancy, and Defendant BRETTKELLY specifically cited Plaintiff's wage claim as the reason.

97.     On or about November 22, 2016, the day before Thanksgiving, Defendants' counsel gave Plaintiff an ultimatum stating that if Plaintiff continued to work for Defendants past November 27, 2015, she would automatically accept the dictated terms of employment which raised her rent by $260.64 per month, reduced her days off from two (2) to one (1), so that Plaintiff would have to work six (6) days per week instead of five (5); and reduced her hours (and resulting pay).  Plaintiff had no choice but to accept the retaliatory terms or move out of the Yale Hotel. Defendants' November 22, 2016 ultimatum in response to Plaintiff's attempts to exercise her workplace rights caused Plaintiff to lose her employment and her housing at the same time over the Thanksgiving holiday weekend.

98.     Defendants' adverse employment terms constituted a retaliatory action, undertaken in direct response to Plaintiff's assertion of workplace rights protected by the FLSA.

99.     As a direct, foreseeable, and proximate result of Defendants' actions, Plaintiff has suffered a loss of earnings, job benefits, and housing; she has suffered and continues to suffer emotional distress; and she has incurred and continues to incur expenses.

100.     Defendants committed the acts herein alleged maliciously, fraudulently, and oppressively with the wrongful intent to injure Plaintiff.  Defendants acted with an improper and evil motive amounting to malice and a conscious disregard for Plaintiff's rights.  The acts taken towards the Plaintiff were carried out by Defendants acting in deliberate, callous and intentional manner with a desire to injure and damage.

101.     Pursuant to § 216(b) of the FLSA, 29 U.S.C. § 216(b), Plaintiff is entitled to legal and equitable relief including compensatory and punitive damages, as well as reasonable attorney's fees and costs.

//

COMPLAINT FOR VIOLATIONS OF THE FLSA; CALIFORNIA LABOR CODE, FAIR PAY ACT, UNFAIR COMPETITION LAW; AND SAN FRANCISCO ADMINISTRATIVE CODE; AND FOR RETALIATION AND TORTIOUS TERMINATION IN VIOLATION OF PUBLIC POLICY

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## SIXTH CLAIM FOR RELIEF
### Unlawful Retaliation
### In Violation of the California Labor Code

102.     The allegations of each of the preceding paragraphs are realleged and incorporated herein by reference.

103.     The California Labor Code applied to Plaintiff's employment with Defendants at all times relevant herein.

104.     California Labor Code § 98.6 prohibits retaliation against an employee because she "engaged in any conduct" which is covered in the California Labor Code, or because she has "filed a bona fide complaint or claim or instituted or caused to be instituted any proceeding under or relating to his or her rights that are under the jurisdiction of the Labor Commissioner, [or] made a written or oral complaint that he or she is owed unpaid wages."

105.     On or about June 30, 2016, Plaintiff's counsel sent Defendants a demand letter on Plaintiff's behalf for unpaid wages and liquidated damages, along with a records request letter requesting Plaintiff's personnel and pay records, pursuant to Labor Code §§ 226(b) and 1198.5.

106.     Plaintiff's demand letter and personnel and pay records request letter constituted "a complaint" and was protected activity under the California Labor Code.  More specifically, Plaintiff's letters constituted "a complaint" and protected activity under California Labor Code § 98.6, since the demand letter was a written complaint that Plaintiff is owed unpaid wages and the records request letter sought Plaintiff's personnel, time, and pay records in order to perfect her wage claim.

107.     On or about July 19, 2016, as a direct and proximate result of receiving Plaintiff's demand letter for owed wages and records request letter approximately nineteen days prior, Defendants presented Plaintiff with an employment contract that substantially and adversely changed the terms and conditions of her employment.  The contract demanded that Plaintiff pay $920.70 in rent for the room she had been living in rent-free; reduced her days off from two (2) to one (1), so that Plaintiff would have to work six (6) days per week instead of five (5); and reduced Plaintiff's hours from 28 hours per week (or 14 hours per week if the building was

occupied exclusively by tenants) to 24 hours per week and then later, seven (7) hours per week. The contract also included a mandatory arbitration provision. Plaintiff had been employed by Defendants for nearly two (2) years and was never presented with an employment contract prior to making a demand for unpaid wages.

108. In the meantime, Defendants completely halted the basement unit renovations that were underway for Plaintiff's future tenancy, and Defendant BRETTKELLY specifically cited Plaintiff's wage claim as the reason.

109. On or about November 22, 2016, the day before Thanksgiving, Defendants' counsel gave Plaintiff an ultimatum stating that if Plaintiff continued to work for Defendants past November 27, 2015, she would automatically accept the dictated terms of employment which raised her rent by $260.64 per month, reduced her days off from two (2) to one (1), so that Plaintiff would have to work six (6) days per week instead of five (5); and reduced her hours (and resulting pay). Plaintiff had no choice but to accept the retaliatory terms or move out of the Yale Hotel. Defendants' November 22, 2016 ultimatum in response to Plaintiff's attempts to exercise her workplace rights caused Plaintiff to lose her employment and her housing at the same time over the Thanksgiving holiday weekend.

110. Defendants' adverse employment terms constituted a retaliatory action, undertaken in direct response to Plaintiff's assertion of workplace rights protected by the California Labor Code.

111. Plaintiff filed a retaliation complaint with the California Labor Commissioner at the Division of Labor Standards Enforcement ("Labor Commissioner") on or about January 19, 2017. The Labor Commissioner has been investigation since. Plaintiff requested withdrawal of retaliation on March 21, 2018.

112. Defendants are on notice of Plaintiff's retaliation claim and have not been prejudiced. Defendants have had the opportunity to timely initiate fact investigation to inform their defense; Defendants submitted a written response to the Labor Commissioner in response to Plaintiff's retaliation complaint. Accordingly, Plaintiff is entitled to equitable tolling.

113. As a direct, foreseeable, and proximate result of Defendants' actions, Plaintiff has

COMPLAINT FOR VIOLATIONS OF THE FLSA; CALIFORNIA LABOR CODE, FAIR PAY ACT, UNFAIR COMPETITION LAW; AND SAN FRANCISCO ADMINISTRATIVE CODE; AND FOR RETALIATION AND TORTIOUS TERMINATION IN VIOLATION OF PUBLIC POLICY

suffered a loss of earnings, job benefits, and housing; she has suffered and continues to suffer emotional distress; and she has incurred and continues to incur expenses.

114.    Defendants committed the acts herein alleged maliciously, fraudulently, and oppressively with the wrongful intent to injure Plaintiff.  Defendants acted with an improper and evil motive amounting to malice and a conscious disregard for Plaintiff's rights.  The acts taken towards the Plaintiff were carried out by Defendants acting in deliberate, callous and intentional manner with a desire to injure and damage.

115.    Plaintiff is entitled to legal and equitable relief including compensatory and punitive damages, in amounts to be proven at trial, as well as reasonable attorney's fees and costs.

### SEVENTH CLAIM FOR RELIEF
### Tortious Termination in Violation of Public Policy

116.    The allegations of each of the preceding paragraphs are realleged and incorporated herein by reference.

117.    It is the public policy of the State of California that employers shall not retaliate against an employee who exercises any right afforded her by law, including her rights under California wage and hour laws.  This public policy is essential, significant, and well established in California Labor Code § 98.6 which states that "A person shall not discharge an employee … because the employee … made a written or oral complaint that he or she is owed unpaid wages, … or because of the exercise by the employee … of any rights afforded him or her."  This public policy is designed to benefit employees and the public at large.

118.    Approximately nineteen days after Plaintiff engaged in a protected activity, Defendants presented Plaintiff with an employment contract that substantially and adversely changed the terms and conditions of her employment, significantly reduced Plaintiff's hours and pay over the course of the following months, and finally gave Plaintiff an ultimatum that if she continued to work for Defendants, she would automatically accept the adverse terms, effectively terminating Plaintiff's employment.  This was retaliatory action, undertaken by Defendants in direct response to Plaintiff's assertion of her workplace rights in a demand letter for unpaid

COMPLAINT FOR VIOLATIONS OF THE FLSA; CALIFORNIA LABOR CODE, FAIR PAY ACT, UNFAIR COMPETITION LAW; AND SAN FRANCISCO ADMINISTRATIVE CODE; AND FOR RETALIATION AND TORTIOUS TERMINATION IN VIOLATION OF PUBLIC POLICY

wages and records request letter for her personnel and pay dated, on or about June 30, 2016.

119.   Defendants violated the public policy of the State of California by terminating Plaintiff's employment in retaliation for making a written complaint that she is owed unpaid wages and exercising her rights under California law.

120.   As a direct, foreseeable, and proximate result of Defendants' actions, Plaintiff has suffered a loss of earnings, job benefits, and housing; she has suffered and continues to suffer emotional distress; and she has incurred and continues to incur expenses.

121.   Defendants committed the acts herein alleged maliciously, fraudulently, and oppressively with the wrongful intent to injure Plaintiff.  Defendants acted with an improper and evil motive amounting to malice and a conscious disregard for Plaintiff's rights.  The acts taken towards the Plaintiff were carried out by Defendants acting in deliberate, callous, and intentional manner with a desire to injure and damage.

122.   Plaintiff is entitled to legal and equitable relief including compensatory and punitive damages, in amounts to be proven at trial.

### EIGHTH CLAIM FOR RELIEF
**Denial of Equal Pay for Substantially Similar Work In
Violation of the California Fair Pay Act (Formerly the California Equal Pay Act)**

123.   The allegations of each of the preceding paragraphs are realleged and incorporated herein by reference.

124.   The California Equal Pay Act was amended to the California Fair Pay Act, California Labor Code §§ 1197.5 *et seq.*, effective January 1, 2016.[2]

125.   On information and belief, Plaintiff was paid less than at least one of her male counterparts who performed substantially similar work as Plaintiff. In approximately July 2016, Plaintiff was offered to work for $15.00 per hour while at least one of her male counterparts was

---

[2] SB 358 (Statutes of 2015). The California Fair Pay Act has since been amended, effective January 1, 2017, by SB 1063 and AB 1676 (Statutes of 2016). However, for the purposes of this Complaint, Plaintiff states a California Fair Pay Act claim under the standard in effect during her employment with Defendants.

COMPLAINT FOR VIOLATIONS OF THE FLSA; CALIFORNIA LABOR CODE, FAIR PAY ACT, UNFAIR COMPETITION LAW; AND SAN FRANCISCO ADMINISTRATIVE CODE; AND FOR RETALIATION AND TORTIOUS TERMINATION IN VIOLATION OF PUBLIC POLICY

offered $20.00 per hour.

126.   Defendants have violated Labor Code § 1197.5 by not paying Plaintiff the same wage rate paid to at least one of her male co-workers who perform substantially similar work when viewed as a composite of skill, effort, and responsibility, and who perform the work under similar working conditions.

127.   The wage differential between male and female employees was not due to seniority, merit, the quantity or quality of production, or a bona fide factor other than sex—such as education, training, or experience—but was due to gender.  In the alternative, to the extent that Defendants relied upon a bona fide factor other than sex, said factor was based on or derived from a sex-based differential in compensation, was not job-related with respect to the position in question, or was not consistent with a business necessity.

128.   In the alternative, to the extent that Defendants relied on one or more of the factors articulated in Paragraph 127, said factor(s) were not reasonably applied and did not account for the entire wage differential.

129.   On information and belief, Defendants failed to maintain records of the wages and wage rates, job classifications, and other terms and conditions of employment of their employees, for the required period of three years,  violating Labor Code § 1197.5(d).

130.   The foregoing conduct constitutes a willful violation of Labor Code §§ 1197.5 *et seq.*

131.   As a result of Defendants' willful conduct, Plaintiff has suffered and will continue to suffer harm, including but not limited to lost earnings, benefits, and housing; and emotional distress. Plaintiff has also incurred and continues to incur expenses.

132.   Pursuant to Labor Code § 1197.5(g), Plaintiff is entitled to the balance of the wages, including the interest thereon; an equal amount as liquidated damages; as well as the costs of suit and reasonable attorneys' fees—notwithstanding any agreement to work for a lesser wage.

//

//

//

COMPLAINT FOR VIOLATIONS OF THE FLSA; CALIFORNIA LABOR CODE, FAIR PAY ACT, UNFAIR COMPETITION LAW; AND SAN FRANCISCO ADMINISTRATIVE CODE; AND FOR RETALIATION AND TORTIOUS TERMINATION IN VIOLATION OF PUBLIC POLICY

## NINTH CLAIM FOR RELIEF
### Violations of California Business and Professions Code
### (Unfair Competition Law)

133.    The allegations of each of the preceding paragraphs are realleged and incorporated herein by reference.

134.    At all times relevant herein through Defendants' acts and omissions alleged herein, Defendants committed unlawful acts that violated Business and Professions Code §§ 17200 *et seq.*

135.    Defendants' unlawful acts included violating the California Labor Code, Wage Order 5, and General Minimum Wage Order, as alleged herein, including Labor Code §§ 1194, 201-3, 1197.5, 226, and 1185.

136.    Defendants' violations of these statutes, regulations, and ordinances independently and separately constitute an unlawful business practice within the meaning of Business and Professions Code §§ 17200 *et seq.*

137.    As a result of the aforementioned acts, Plaintiff has lost and continues to lose money or property, and has suffered and continues to suffer injury in fact.

138.    Plaintiff is entitled to restitution pursuant to Business and Professions Code §§ 17203 and 17208 for, among other things, all unpaid wages, and interest since four (4) years prior to filing of the Complaint.

139.    Plaintiff is informed and believes, and based upon such information and belief alleges, that by engaging in the unfair and unlawful business practices complained of herein, Defendants lowered their labor costs and thereby obtained a competitive advantage over law-abiding employers with which they compete.

140.    Plaintiff takes upon herself the enforcement of the aforementioned laws and lawful claims.  Enforcement of California's laws is in the public interest.  There is a financial burden incurred in pursuing this action.  Plaintiff therefore seeks recovery of attorney's fees as provided by Code of Civil Procedure § 1021.5.

141.    Plaintiff is entitled to restitution in the amounts unlawfully withheld by

1  Defendants, with interest; and an award of attorneys' fees and costs.  *See Cortez v. Purolator Air*

2  *Filtration Products Co.* 23 Cal. 4th 163, 173 (2000) ("Unlawfully withheld wages may be

3  recovered as restitution in a UCL action.").

### DECLARATORY RELIEF ALLEGATIONS

5  142.    The allegations of each of the preceding paragraphs are realleged and incorporated

6  herein by reference.

7  143.    A present and actual controversy exists between Plaintiff and Defendants

8  concerning their rights and respective duties.  Plaintiff contends that Defendants violated her

9  rights under the FLSA, California Labor Code, Wage Order 5, General Minimum Wage Order,

10  and San Francisco Administrative Code.  Plaintiff is informed and believes and thereon alleges

11  that Defendants deny any liability to her.  Plaintiff seeks a judicial declaration of the rights and

12  duties of the respective parties.  Declaratory relief is therefore necessary and appropriate.

13  144.    Plaintiff has suffered injury in fact and has lost money as a result of Defendants'

14  unlawful and unfair business practices and acts, and is therefore authorized to pursue injunctive

15  relief against Defendants that is necessary to prevent further unfair business practices and acts.

16  145.    Defendants acted or failed to act as herein alleged with malice or reckless

17  disregard to the protected rights of Plaintiff, and Plaintiff is thus entitled to recover punitive

18  damages in an amount to be determined according to proof.

### PRAYER FOR RELIEF

20  WHEREFORE, Plaintiff respectfully prays that this Court enter judgment against

21  Defendants as follows:

22  1.    A declaratory judgment that Defendants' actions complained of herein have

23  violated Plaintiff's rights under the FLSA and the California Labor Code, including the right to

24  be free from retaliation for the assertion of rights protected by the FLSA and the California Labor

25  Code;

26  2.    Unpaid minimum wages, unpaid wages at regular hourly rate, overtime premium

27  wages, and other compensation denied or lost to Plaintiff to date by reason of Defendants'

28  unlawful acts, according to proof;

COMPLAINT FOR VIOLATIONS OF THE FLSA; CALIFORNIA LABOR CODE, FAIR PAY ACT,
UNFAIR COMPETITION LAW; AND SAN FRANCISCO ADMINISTRATIVE CODE; AND FOR
RETALIATION AND TORTIOUS TERMINATION IN VIOLATION OF PUBLIC POLICY

3.     Liquidated damages in an amount equal to minimum wages unlawfully unpaid;

4.     Liquidated damages in an amount equal to overtime wages unlawfully unpaid;

5.     Waiting time penalties under Labor Code § 203 for failure to pay wages due upon separation, according to proof;

6.     General, compensatory, and special damages according to proof;

7.     Exemplary and punitive damages according to proof; and

8.     Interest accrued on Plaintiff's damages, including pre- and post-judgment interest, and an upward adjustment for inflation, under Labor Code § 218.6;

9.     Reasonable attorney's fees and costs of suit pursuant to 29 U.S.C. § 216 (b), Labor Code § 1194 (a), Cal. Code of Civ. Proc. § 1021.5, and other laws;

10.     Such other and further relief as this Court deems just and proper.

March 21, 2018                              Respectfully submitted,

Carole Vigne
Katherine Fiester

BY:  /s/ Katherine Fiester
KATHERINE FIESTER
*Attorneys for Plaintiff*

## JURY TRIAL DEMAND

Plaintiff hereby demands a jury trial as provided by Rule 38 (a) of the Federal Rules of Civil Procedure.

March 21, 2018                              Respectfully submitted,

Carole Vigne
Katherine Fiester
LEGAL AID AT WORK

By:  /s/ Katherine Fiester
KATHERINE FIESTER
*Attorneys for Plaintiff*

COMPLAINT FOR VIOLATIONS OF THE FLSA; CALIFORNIA LABOR CODE, FAIR PAY ACT, UNFAIR COMPETITION LAW; AND SAN FRANCISCO ADMINISTRATIVE CODE; AND FOR RETALIATION AND TORTIOUS TERMINATION IN VIOLATION OF PUBLIC POLICY